## SUPERVISORS OF RICHMOND v. VAN CLIEF.

*Supervisors — extra compensation to illegal — county may recover back moneys wrongfully allowed to.*

Defendant in 1871, while a supervisor of Richmond county, presented claims to the board of supervisors of that county, which were allowed and paid, for services "as supervisor" in attending committee meetings at $5 per meeting; in negotiating county bonds, etc., at $5 per day; in performing duties upon the building committee at $5 per day. In an action on behalf of the county to recover back the amount paid: *Held,* that the charges were, by Laws of 1869, chap. 855, § 8, illegal, being in excess of the compensation provided for supervisors, and that the amount paid could be recovered back. *Supervisors of Onondaga* v. *Briggs,* 2 Denio, 26, limited.

EXCEPTIONS ordered to be heard in the first instance at general term. The action was brought to recover back moneys paid to the defendant, John H. Van Clief, Sr., for services for the county of Richmond, while supervisor thereof. The material facts appear in the opinion.

*Tompkins Westervelt*, for plaintiff.

*S. F. Rawson*, for defendant.

TALCOTT, J. This is an action to recover from the defendant certain moneys which he had received from the treasurer of Richmond county, upon bills against that county, which had been made out by him against the county for his services as supervisor of said county, and which had been audited and allowed by the board of supervisors and paid by the county treasurer. The charges in these accounts, which were held to be invalid at the circuit, were charges for attendance at committee meetings, in addition to the charges for attendance at the general meetings of the board, and for which attendance at committee meetings the defendant had charged $5 each, and charges for two trips to Albany three days each, charged at $18, and twenty-five days negotiating bonds for which the defendant had charged $5 per day. These charges purported, according to the bills presented by the defendant, to be for services rendered by him as supervisor, and no explanation as to the character in which the services charged as trips to Albany and negotiating bonds was given or offered, except that stated on the defendant's bills presented.

By the act 1869, chap. 855, § 8, it is enacted that "each supervisor, whose compensation is not specially provided for by law, shall be entitled to charge and receive $3 per day, for each full day's service during the session of the board, besides mileage now allowed by law; but such supervisor shall not be entitled to receive any other compensation whatever, except as the same is specially provided for by law."

As this case appeared at the circuit these charges for attendance at committee meetings, and for allowances at Albany, and for negotiating bonds, were charges for the services of the defendant as supervisor over and above three dollars per diem for each day's full service during the sessions of the board, and it is not claimed by the counsel for the appellant that compensation for such services is specifically provided by law. The offer to prove that it had been the custom of the board to allow its members five dollars per diem

for services of its members on committees was, of course, properly rejected. The act of 1869 was designed to abrogate and forbid all such customs in the future where they had existed in the past. Neither was the offer to prove that the services were reasonably worth the prices charged admissible. The act of the legislature is conclusive upon the subject, and does not allow supervisors to pay themselves out of the county funds as upon a *quantum meruit*.

The charges in question then were not legal charges in behalf of the defendant against the county.

But they have been adjusted, allowed and voluntarily paid, and the general rule of law in relation to moneys which have been voluntarily paid on a claim, and with full knowledge of the facts, is that such moneys cannot be recovered back. And it was expressly held by the old supreme court in *Supervisors of Onondaga* v. *Briggs*, 2 Denio, 26, that this principle applied with full force to the case of moneys which had been allowed and paid by a board of supervisors, notwithstanding the charges thus paid were not legal charges against the county.

In this case, however, I am relieved from the consideration of this question, since it appears that the general term of this department, in the case of *Richmond County* v. *Ellis* (MSS.), has held that moneys paid under such circumstances, to a member of the board of supervisors, may be recovered back. In the opinion delivered in that case, the principle intended to be laid down is thus stated:

" The supervisors of a county have a trust confided to them involving a faithful care and control of the public funds in the county treasury, and the voting and payment of unlawful claims to themselves, or to any one of their number, is a breach of a high trust and duty ; and the making up of such claim and the taking of the money therefor out of the county treasury, when such acts are established by the testimony, justify the allegations of fraud in the complaint."

The complaint in the present case, in like manner, charges that the money of the county was, in like manner, fraudulently obtained, and this case seems to be fully covered by the case of *Richmond County* v. *Ellis*. The motion for a new trial is therefore denied, and judgment is ordered for the plaintiff on the verdict.

*Judgment accordingly.*